Case 4:21-cv-02677   Document 1-1   Filed on 08/17/21 in TXSD   Page 1 of 7

6/15/2021 9:32 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54413861
By: Maria Rodriguez
Filed: 6/15/2021 9:32 AM

2021-35717 / Court: 061

CAUSE NO. _____

| | | |
|---|---|---|
| **DEANNA MOORE AND AZIANA MOORE**<br>　　*Plaintiffs* | §<br>§<br>§<br>§<br>§ | **IN THE DISTRICT COURT** |
| vs. | §<br>§<br>§<br>§ | **____ JUDICIAL DISTRICT** |
| **JEREMY JEROME PACE AND CITY OF HOUSTON**<br>　　*Defendants* | §<br>§<br>§<br>§<br>§<br>§ | **HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COME NOW**, DEANNA MOORE AND AZIANA MOORE, hereinafter called Plaintiffs, complaining of and about JEREMY JEROME PACE and CITY OF HOUSTON, hereinafter called Defendants, and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.　Plaintiffs intend that discovery be conducted under Discovery Level II.

### II. PARTIES AND SERVICE

2.　Plaintiffs, DEANNA MOORE AND AZIANA MOORE, are individuals who reside in Harris County and may be contacted through Plaintiffs' Counsel.

3.　Defendant, JEREMY JEROME PACE, is an Individual who is a resident of Texas. He may be served with process at his home at the following address: 1702 Ruth St, Houston, TX 77004, or wherever he may be found. Service of said Defendant can be effected by personal delivery.

4.　Defendant, CITY OF HOUSTON, is a Texas Government entity and may be

served with process through its City Secretary, Pat J. Daniel, at 900 Bagby St, Room P101, Houston, TX 77002, pursuant to CPRC § 17.024(b).

### III.  JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. This court has jurisdiction over the parties because Defendants are Texas residents.

7. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV. RESPONDEAT VICARIOUS LIABILITY/SUPERIOR/JOINT ENTERPRISE/ FMCSA LIABILITY AND COURSE & SCOPE OF EMPLOYMENT

8. **CITY OF HOUSTON,** is legally responsible to the Plaintiff for the negligent conduct of **JEREMY JEROME PACE** under the legal doctrines of respondeat superior, agency, and/or ostensible agency, because Defendant, **JEREMY JEROME PACE** was, at all times material to this lawsuit, an actual agent, ostensible agent, servant, employee of, or in joint enterprise with **CITY OF HOUSTON** and was acting within the course and scope of such agency or employment at the time of the collision that made the basis of this lawsuit. As a result, Defendant **CITY OF HOUSTON,** is liable for all negligent acts committed by Defendant, **JEREMY JEROME PACE.**

9. At the time of the occurrence in question, Defendant **JEREMY JEROME PACE** was the statutory employee of Defendant **CITY OF HOUSTON,** pursuant to Federal Motor Carrier Safety Regulations, 49 C.F.R. § 390.5.  The Texas Court of Appeals--Fort Worth, in *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 37-8 (Tex. App.—Ft. Worth 2003, no pet.), noted

For Official Governmental Use Only - Do Not Disseminate to the Public: 96346189 - Page 2 of 6

that with respect to a business affecting interstate commerce, a "motor carrier's liability for equipment and drivers…is not governed by the traditional common-law doctrines of the master-servant relationship and respondeat superior. Instead, an interstate carrier and JEREMY JEROME PACE is vicariously liable *as a matter of law*…for the negligence of its statutory employee drivers." (Emphasis added).

## V. FACTS

10. On or about March 12, 2020, Plaintiff was traveling in Harris County, Texas when Defendants caused a collision with the Plaintiff. As a result of the collision, Plaintiff suffered serious bodily injuries. The 2020 Blue Freightliner operated by **JEREMY JEROME PACE** belonged to Defendant **CITY OF HOUSTON**.

## VI. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST JEREMY JEROME PACE

11. Defendant JEREMY JEROME PLACE had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

12. Plaintiffs' injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

13. The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions:

    A.  In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B.  In that Defendant failed to yield as a person of prudent care would have done;

For Official Governmental Use Only - Do Not Disseminate to the Public: 96346189 - Page 3 of 6

    C.    In that Defendant failed to turn his/her motor vehicle in an effort to avoid the collision complained of;

    D.    In that Defendant failed to operate a motor vehicle as a person using ordinary prudent care would have done;

    E.    In that Defendant failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's motor vehicle which would permit Defendant to bring his/her motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

    F.    In that Defendant failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done IN A SIMILAR TYPE OF VEHICLE;

    G.    In that Defendant was operating his/her motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; and

    H.    In that Defendant failed to apply his/her brakes to his/her motor vehicle in a timely and prudent manner and/or wholly failed to apply his/her brakes in order to avoid the collision in question.

**VII. DAMAGES FOR PLAINTIFFS DEANNA MOORE AND AZIANA MOORE**

14.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs, DEANNA MOORE AND AZIANA MOORE, were caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiffs seek monetary relief of over $100,000.00 but not more than $1,000,000.00:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs, DEANNA MOORE AND AZIANA MOORE, for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

4

For Official Governmental Use Only - Do Not Disseminate to the Public: 96346189 - Page 4 of 6

D.      Physical pain and suffering in the future;

E.      Loss of earnings in the past;

F.      Loss of earning capacity which will, in all probability, be incurred in the future;

G.      Mental anguish in the past;

H.      Mental anguish in the future;

I.      Physical Impairment in the past; and

J.      Physical Impairment in the future.

## VIII. DEMAND FOR TRIAL BY JURY

15.    Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## IX. REQUEST FOR DISCLOSURE

16.    Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 30days of the date the answer is due, the information or material described in rule 194.2 and 195.5.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, DEANNA MOORE AND AZIANA MOORE, respectfully pray that Defendants, JEREMY JEROME PACE and CITY OF HOUSTON, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

For Official Governmental Use Only - Do Not Disseminate to the Public: 96346189 - Page 5 of 6

For Official Governmental Use Only - Do Not Disseminate to the Public: 96346189 - Page 6 of 6

Respectfully Submitted,

KGS LAW GROUP

By: /s/ <u>Abraham Garcia</u>

Abraham Garcia
State Bar No. 24078005
Carlos A. Saldaña
State Bar No. 24086403
Brandon A. Kinard
State Bar No. 24079744
150 W Parker Rd, Suite 705-B
Houston, Texas 77076
Telephone No. (281) 962-7772
Facsimile No. (281) 962-7773
Email: kgs@kgslawgroup.com
ATTORNEYS FOR PLAINTIFFS

<u>**TO DEFENDANT:**</u>
**YOU MUST DELIVER THIS IMMEDIATELY
TO YOUR INSURANCE COMPANY WHO WAS
INSURING THE VEHICLE YOU WERE DRIVING
AT THE TIME OF THE ABOVE ACCIDENT.**

6



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   July 26, 2021

Certified Document Number:        96346189 Total Pages:  6

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**